IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARRELL E. COX and SHIRLEY M. COX, husband and wife and JIM RUPP and RACHEL RUPP, husband and wife,<br><br>          Plaintiffs,<br><br>v.<br><br>GARY HEGVET and CAROLYN LEE DIXON-HEGVET, husband and wife, THOMAS LINDSEY and SUSAN LINDSEY, husband and wife, and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>          Defendants.<br>_____<br><br>GARY HEGVET and CAROLYN LEE DIXON-HEGVET, and their marital community,<br><br>          Third-Party Plaintiffs,<br><br>v.<br><br>WILLIAM FAWN RUPP and ROSE RUPP, and their marital community,<br><br>          Third-Party Defendants.<br>_____ | Civil No. 08-00415-C-EJL<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>Defendant/Cross-Defendant BLM's Motion to Dismiss<br><br>**(Docket No. 3)**<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>Defendant/Cross-Claimant Hegvets' Motion for Extension of Time to File Notice of Removal<br><br>**(Docket No. 7)** |

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 1**

| | |
|---|---|
| GARY HEGVET and CAROLYN LEE DIXON-HEGVET, | ) ) ) |
| Cross-Claimants, | ) ) |
| v. | ) ) |
| UNITED STATES BUREAU OF LAND MANAGEMENT, | ) ) ) |
| Cross-Defendant | ) ) |

Currently pending before the Court are (1) Defendant/Cross-Defendant United States Bureau of Land Management's ("Defendant BLM") Motion to Dismiss (Docket No. 3) and (2) Defendant/Cross-Claimant Gary Hegvet's and Carolyn Lee Dixon-Hegvet's (collectively the "Hegvet Defendants") Motion for Extension of Time to File Notice of Removal (Docket No. 7). Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following: (1) Report and Recommendation; and (2) Memorandum Decision and Order:

## I.  BACKGROUND

On May 19, 2008, Plaintiffs brought the underlying action in Idaho state court, arising out of a dispute regarding Plaintiffs' use of a public road - Gold Rush Lane - to access their mining operation; relevant here, a portion of that road traverses across a section of Bureau of Land Management ("BLM") land. *See* First Am. Compl., pp. 3-4, ¶¶ 6-8 (Docket No. 1, Att. 2). Through this action, Plaintiffs seek, in part, an order declaring that Gold Rush Lane, including

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 2**

the BLM portion of the road, "is a public road open to general use and available for private use by the [P]laintiffs." *See id*. at p. 7, ¶ 2. Defendant BLM neither answered Plaintiffs' First Amended Complaint nor sought to remove the action to federal court.

On September 15, 2008, the Hegvet Defendants filed a Cross-Complaint against Defendant BLM, seeking a declaratory judgment as to the following:

> a. [T]hat Plaintiffs do not have a right to either use BLM property without a use permit issued by the BLM as prescribed under the administrative law and rules that govern the BLM; and
>
> b. [T]hat Plaintiffs['] proposed de facto use of BLM property by virtue of a court ordered right to use the Hegvets['] property would be an unlawful taking of the property rights of [the] Hegvets because it would interfere with Hegvets['] use of the Subject Road under the permit No. IDI 027886 issued by the BLM to the Hegvets and that such question cannot be decided until Plaintiffs have first acquired a use permit from the BLM.

*See* Crossclaim, p. 6 (Docket No. 1, Att. 2).

On September 30, 2008, Defendant BLM removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) and Rules 5.2(d)(1) & (2) and 81.1 of the District of Idaho Local Rules of Civil Practice for the United States District for the District of Idaho. *See* Notice of Removal, p. 2 (Docket No. 1). Despite Defendant BLM not removing this action following Plaintiffs' First Amended Complaint (Defendant BLM was not named in Plaintiffs' original Complaint) (*see supra* at p. 3), no party immediately objected to its later removal effort or, alternatively, sought to remand the action back to state court. In fact, the Hegvet Defendants now seek to *remove* this action pursuant to 28 U.S.C. § 1441(c). *See* Defs.' Notice of Removal (Docket No. 8).

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 3**

Defendant BLM argues that, although it removed the action pursuant to 28 U.S.C. § 1442(a)(1), this Court now lacks subject matter jurisdiction to address the claims asserted against it within both the First Amended Complaint and Cross-Complaint.  *See* Mem. in Supp. of Def. BLM's Mot. to Dismiss, pp. 3-4 (Docket No. 3, Att. 2).  According to Defendant BLM, because the state court from which this action was removed did not have subject matter jurisdiction over Defendant BLM, the doctrine of derivative jurisdiction applies to likewise eliminate this Court's jurisdiction over Defendant BLM.  *See id*.

The Hegvet Defendants disagree,[1] arguing that this action should not have been removed under 28 U.S.C. § 1442, but instead under 28 U.S.C. § 1441(c).[2]  *See* Resp. to Def. BLM's Mot. to Dismiss, pp. 2-4 (Docket No. 6).  The Hegvet Defendants argue that, had this action been properly removed under 28 U.S.C. § 1441(c), the doctrine of derivative jurisdiction would not apply, thus preserving this Court's jurisdiction over Defendant BLM.  *See id*.

## II.  DISCUSSION

Defendant BLM arguably removed this action beyond the 30-day time period referenced in 28 U.S.C. § 1446(b).  That is, in removing the action within 30 days of its receipt of the Hegvet Defendants' September 15, 2008 Cross-Complaint, Defendant BLM necessarily failed to remove the action within 30 days of its receipt of Plaintiffs' May 19, 2008 First Amended Complaint.  Any procedural defect in this respect, however, is immaterial - tardy removal is a

---

[1] Plaintiffs do not oppose either Defendant BLM's Motion to Dismiss (Docket No. 3) or the Hegvet Defendants' Motion for Extension of Time to File Notice of Removal (Docket No. 7).

[2] The Hegvet Defendants' Motion for Extension of Time to File Notice of Removal (Docket No. 7) is simultaneously accompanied by their own Notice of Removal pursuant to 28 U.S.C. § 1441(c) (Docket No. 8).

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 4**

waivable defect, and is waived if not promptly challenged.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").  Here, no party timely challenged Defendant BLM's September 30, 2008 removal.[3]  Moreover, the Court may not *sua sponte* order a case remanded to state court for procedural defects in the removal procedure.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191-93 (9th Cir. 2003) ("We are asked to decide whether the federal removal statute, 28 U.S.C. § 1447(c), allows the district court to remand a case *sua sponte* for a non-jurisdictional defect in procedure.  We hold that it does not.").

These circumstances, coupled with the Hegvet Defendants' independent effort toward removing this action (albeit pursuant to different statutory authority) resolve any question as to the legal effect of Defendant BLM's delayed removal.  Therefore, through the at-issue motions, the Court must decide whether 28 U.S.C. § 1442(a)(1) represents a proper basis for Defendant BLM's removal and, if so, the consequence of applying derivative jurisdiction here.

**A.     Defendant BLM Properly Removed This Action Under 28 U.S.C. § 1442(a)(1)**

Within its September 30, 2008 Notice of Removal, Defendant BLM asserts matter-of-factly that "Title 28, U.S.C., § 1442(a)(1) authorizes removal to federal court of state court actions brought against the United States, its federal officers or agencies."  *See* Notice of

---

[3]  Defendant BLM submits that it did not originally remove the action because it anticipated being dismissed before the Hegvet Defendants initiated the Cross-Complaint.  *See* Reply in Supp. of Def. BLM's Mot. to Dismiss, p. 3, n. 2 (Docket No. 9) ("Although not relevant to the issues raised herein, it should be noted BLM did not remove prior to the filing of the cross-claim because it had obtained a verbal agreement from the plaintiffs' attorney to dismiss the claim against BLM.").

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 5**

Removal, p. 2 (Docket No. 1). That section permits the removal of a civil action commenced in a state court against:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

*See* 28 U.S.C. § 1442(a)(1). The Hegvet Defendants argue that Defendant BLM's removal is improper because it "has not performed an 'act' (nor was any 'act' performed by a government agency official under color of his/her office) in order to have met the threshold of removal." *See* Resp. to Def. BLM's Mot. to Dismiss, p. 3 (Docket No. 6). The Hegvet Defendants' interpretation of 28 U.S.C. § 1442(a)(1) is misplaced.

As Defendant BLM points out, the text and legislative history of 28 U.S.C. § 1442(a)(1) demonstrate that any federal agency sued can always remove under 28 U.S.C. § 1442(a)(1) because the "sued" clause in that provision applies only to federal officers, as opposed to the United States or any agencies thereof. *See* Reply in Supp. of Def. BLM's Mot. to Dismiss, pp. 8-9 (Docket No. 9) (citing *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007)). Relevant to this issue, the Sixth Circuit held in no uncertain terms that:

> The text of § 1442(a)(1)[ ] is best read to mean that the three entities that can remove are (1) the United States; (2) any agency thereof; or (3) any officer of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office.

*City of Cookeville*, 484 F.3d at 389. Additionally, after analyzing 28 U.S.C. § 1442(a)(1) in terms of its grammatical constituents and even accepting the Hegvet Defendants' interpretation

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 6**

of that section as a "possible different reading," the Sixth Circuit went on to reject it, stating: "[T]hat reading does not make sense because the United States and federal agencies are not 'sued in an official or individual capacity' and are not sued for an 'act under color of such office.' . . . . [A] federal agency defendant may remove without more." *See id*.

*City of Cookeville's* subsequent discussion about 28 U.S.C. § 1442(a)(1)'s legislative history further endorses Defendant BLM's argument here. Specifically, the Senate Report apparently regularly segregates the "sued" clause from references to an agency; applying that clause instead only to officers. *See id*. at 390 (quoting examples from S. Rep. No. 104-366, at 6-7, 30-31 (1996), *reprinted* in 1996 U.S.C.C.A.N. 4202, 4210-11). The Senate Report therefore highlights Congress' intent to apply the "sued" clause only to federal officers and not to federal agencies, like Defendant BLM. *City of Cookeville*, 484 F.3d at 390 ("Such a reading is consistent with the 'clear command from both Congress and the Supreme Court' that § 1442 is to be interpreted 'broadly in favor of removal.'" (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006))).

The Court agrees that Defendant BLM need not perform a particular act before proceeding with its removal. This understanding is consistent with both the Sixth Circuit's handling of the issue, as well as 28 U.S.C. § 1442(a)(1)'s legislative history. Equally compelling is the lack of authority supporting the Hegvet Defendants' position. As a result, the Court finds that Defendant BLM properly removed this action under 28 U.S.C. § 1442(a)(1).[4]

---

[4] Defendant BLM's appropriate removal under 28 U.S.C. § 1442(a)(1), in addition to the Hegvet Defendants' delayed removal (timely objected to by Defendant BLM (*See* Resp. to Mot. for Extension of Time to File Removal (Docket No. 9))) and Defendant BLM's stated refusal to join the Hegvet Defendants' removal (*see id*. at pp. 5-6), combine to require that the Hegvet Defendants' Motion for Extension of Time to File Removal (Docket No. 7) be denied.

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 7**

B.      **Derivative Jurisdiction Applies to Preclude this Court's Jurisdiction**

Under the doctrine of derivative jurisdiction, when an action is removed from state court by the United States pursuant to 28 U.S.C. § 1442(a)(1), the jurisdiction of the district court upon removal is "derivative" of the state court's. *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("[B]ecause this case was removed from the state court pursuant to §1442, our jurisdiction is derivative of the state court's jurisdiction."); *see also* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3727, at 170 (3d ed. (1998) ("[A] federal court cannot confer subject matter jurisdiction over a case removed under Section 1442 if none existed at the state level.").[5]  In short, where the state court lacked jurisdiction over the claim giving rise to the removal, "the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939).

Thus, upon removal of an action under 28 U.S.C. § 1442, federal courts must determine whether the state court from which the action was removed had subject matter jurisdiction. If not, the claim allowing removal must be dismissed. Here, Defendant BLM argues that, because the state court did not have jurisdiction over it, the doctrine of derivative jurisdiction similarly voids this Court's jurisdiction, thus mandating the dismissal of all claims asserted against it. *See* Memo. in Supp. of Def. BLM's Mot. to Dismiss, pp. 3-4 (Docket No. 3, Att. 2). *See Napoleon*

---

[5]  In 1985, Congress eliminated the doctrine of derivative jurisdiction to the general removal statute - 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). Given the reference to "this section," courts and commentators recognize that the doctrine of derivative jurisdiction, while not available under removals effectuated via 28 U.S.C. § 1441, still applies to actions removed under 28 U.S.C. § 1442. *See Palmer v. City Nat'l Bank of West Virginia*, 498 F.3d 236, 245-46 (4th Cir. 2007) (discussing impact of 1985 amendment to derivative jurisdiction actions removed under 28 U.S.C. § 1442).

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 8**

*Hardwoods, Inc. v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 822 (7th Cir. 1993) ("[E]ven the party which invoked federal jurisdiction may later challenge it . . . .").

It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Sovereign immunity extends to both the United States as well as its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because Defendant BLM is an agency of the United States government, it enjoys sovereign immunity unless that immunity is waived. With this in mind, Defendant BLM argues that "there is no statute waiving the United States' sovereign immunity for actions in state courts seeking orders affecting the status of rights-of-way across public lands;" without state court subject matter jurisdiction, the doctrine of derivative jurisdiction prohibits this Court from also having subject matter jurisdiction. *See* Mem. in Supp. of. Def. BLM's Mot. to Dismiss, p. 3 (Docket No. 3, Att.2); Reply in Supp. of Def. BLM's Mot. to Dismiss, p. 10 (Docket No. 9). Thus, the remaining issue to be decided by this Court is jurisdictional.

Preliminarily, it is not clear whether *all* claims asserted against the United States invoke the protections of sovereign immunity. Indeed, the Court questions whether the claims asserted against Defendant BLM here - claims for declaratory relief - automatically raise sovereign immunity implications or, instead, something akin to exclusive jurisdiction principles. *See e.g.*, *Garner v. Morales*, 2009 WL 577755, *2 (5th Cir. 2009) (recognizing that declaratory and injunctive relief are exceptions to doctrine of sovereign immunity); *Conyers v. Rossides*, 2009 WL 513734, *10 (2nd Cir. 2009) ("claims for prospective equitable relief, such as the

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 9**

declaratory judgment . . . are not so barred [by sovereign immunity]."); *but see Goldstein v. Moatz*, 364 F.3d 205, 219 (4th Cir. 2004) ("If a declaratory judgment proceeding actually constitutes a suit against the sovereign, it is barred absent a waiver of sovereign immunity."); 5 U.S.C. § 702 (section of Administrative Procedure Act waiving federal officials' sovereign immunity for actions "seeking relief other than money damages" involving federal official's action or failure to act).

The ambiguity in the exact claims asserted against, as well as the relief sought from, Defendant BLM make it difficult to answer this question definitively one way or the other. Regardless, the Hegvet Defendants offer no authority pointing to Defendant BLM's waiver of its supposed sovereign immunity in favor of bringing claims in any court,[6] let alone bringing such claims in *state* court as they originally attempted to do - and now must show in order to preserve

---

[6] While instructive on the application of derivative jurisdiction to removal actions based on 28 U.S.C. § 1442(a)(1), Defendant BLM's reliance on *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180 (C.D. Cal. 2008) and *Palmer v. City Nat'l Bank of West Virginia*, 498 F.3d 236 (4th Cir. 2007) (*see* Mem. in Supp. of Def. BLM's Mot. to Dismiss, pp. 3-4 (Docket No. 3, Att. 2) is not altogether on point. For example, in *Glass*, the claims asserted invoked either the Tucker Act or the Federal Tort Claims Act - either imparts subject matter jurisdiction on federal courts. *See Glass*, 570 F. Supp. 2d at 1182 ("Inasmuch as the FTCA and the Tucker Act would require litigation of the matters raised in the Cross-Complaint in *fora* other than the state courts, the doctrine of 'derivative jurisdiction,' if applicable here, would preclude this Court from having jurisdiction, even if the matter could have been raised here originally." (Emphasis in original)). Likewise, in *Palmer*, a third-party complaint asserted contract, indemnity, and contribution claims upon federal defendants - each arguably capable of adjudication in federal court under either the Federal Tort Claims Act or the Tucker Act. *See Palmer*, 498 F.3d at 239 ("Because the United States has not waived its sovereign immunity to contract and tort suits in state court, the state court lacked jurisdiction over the federal defendants."). Here, however, Plaintiffs' and the Hegvet Defendants' claims against Defendant BLM do not fit nicely into either the Federal Tort Claims Act or the Tucker Act which otherwise would have granted exclusive jurisdiction in federal courts. This distinction is important insofar as Defendant BLM is attempting to dismiss the instant action for the exact same reasons offered in *Glass* and *Palmer*. While this may not be possible, the analyses applied in both *Glass* and *Palmer* may nonetheless apply equally here.

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 10**

this Court's jurisdiction under the doctrine of derivative jurisdiction (*see supra* at pp. 7-8). To be sure, during oral argument, the Hegvet Defendants' counsel conceded that, if derivative jurisdiction is to be applied to this removed action, no authority exists to permit such asserted claims against Defendant BLM in state court.

Therefore, reiterating, to maintain this case before this Court, authority must exist, indicating that the state court where this action commenced had jurisdiction over Defendant BLM to entertain both the claims asserted in the First Amended Complaint and the Cross-Complaint. Plaintiffs offer no such authority; the Hegvet Defendants offer none; and this Court finds none. As a result, following the doctrine of derivative jurisdiction, as this Court must, it is recommended that all claims asserted against Defendant be dismissed without prejudice.

## III.  RECOMMENDATION

In accordance with the foregoing, it is RECOMMENDED that the District Court enter an order GRANTING Defendant/Cross-Defendant United States Bureau of Land Management's ("BLM") Motion to Dismiss (Docket No. 3), without prejudice.[7]

---

[7] If the federal party is eliminated from the suit after removal, the District Court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties. Instead, the District Court retains the power either to adjudicate the underlying state law claims or to remand the case to state court. *See, e.g.*, *In re Elko*, 109 F.3d at 555 (9th Cir. 1997) (affirming district court's refusal to remand action removed pursuant to 28 U.S.C. § 1442 despite dismissal of claims giving rise to removal). However, there does not appear to be a federal interest that would be jeopardized by remanding this action to state court. In the absence of such interests, countervailing interests of comity, federalism, and respecting the choice of a state forum by the original parties to this action, strongly favor remand. Therefore, in further accordance with the foregoing, it is also recommended that the District Court exercise its discretion to decline to assume jurisdiction over this action and remand it back to the District Court for the Second Judicial District of the State of Idaho, in and for the County of Idaho.

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 11**

## IV.  ORDER

In accordance with the foregoing, it is hereby ORDERED that the Hegvet Defendants' Motion for Extension of Time to File Notice of Removal (Docket No. 7) is DENIED.

DATED: **April 6, 2009**

*(signature)*

Honorable Ronald E. Bush
U. S. Magistrate Judge

**REPORT AND RECOMMENDATION; MEMORANDUM DECISION AND ORDER - 12**