IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARRELL E. COX and SHIRLEY M. COX, husband and wife and JIM RUPP and RACHEL RUPP, husband and wife, | Civil No.  08-00415-C-EJL |
| Plaintiffs, | **ORDER ADOPTING REPORT AND RECOMMENDATION RE:** |
| v. | Defendant/Cross-Defendant BLM's Motion to Dismiss |
| GARY HEGVET and CAROLYN LEE DIXON-HEGVET, husband and wife, THOMAS LINDSEY and SUSAN LINDSEY, husband and wife, and UNITED STATES BUREAU OF LAND MANAGEMENT, | **(Docket No. 3)** |
| Defendants. | |
| GARY HEGVET and CAROLYN LEE DIXON-HEGVET, and their marital community, | |
| Third-Party Plaintiffs, | |
| v. | |
| WILLIAM FAWN RUPP and ROSE RUPP, and their marital community, | |
| Third-Party Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

| | |
|---|---|
| GARY HEGVET and CAROLYN LEE DIXON-HEGVET, | ) ) ) |
| Cross-Claimants, | ) ) |
| v. | ) ) |
| UNITED STATES BUREAU OF LAND MANAGEMENT, | ) ) ) ) |
| Cross-Defendant | ) ) |
| _____ | ) |

On April 6, 2009, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Docket No. 15) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

> requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 15 ) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendant/Cross-Defendant United States Bureau of Land Management's Motion to Dismiss (Docket No. 3) is **GRANTED**, without prejudice.

Additionally, this Court agrees with the Magistrate Judge regarding whether it should retain jurisdiction over the remaining claims.

> If the federal party is eliminated from the suit after removal, the District Court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties. Instead, the District Court retains the power either to adjudicate the underlying state law claims or to remand the case to state court. See, e.g., In re Elko, 109 F.3d at 555 (9th Cir. 1997) (affirming district court's refusal to remand action removed pursuant to 28 U.S.C. § 1442 despite dismissal of claims giving rise to removal). However, there does not appear to be a federal interest that would be jeopardized by remanding this action to state court. In the absence of such interests, countervailing interests of comity, federalism, and respecting the

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

>   choice of a state forum by the original parties to this action, strongly favor remand.  Therefore, in further accordance with the foregoing, it is also recommended that the District Court exercise its discretion to decline to assume jurisdiction over this action and remand it back to the District Court for the Second Judicial District of the State of Idaho, in and for the County of Idaho.

Report and Recommendation at p. 11, n. 7.

The Supreme Court recently confirmed in Carlsbad Technology, Inc. v. HIF Bio, Inc., ___ U.S. ___, 129 S.Ct. 1862, 1866-67 (2009), that a district court's decision whether to exercise supplemental jurisdiction after dismissing very claim over which it had original jurisdiction is purely discretionary under 28 U.S.C. § 1367 (a) and (c).  In this particular case, the Court finds there does not appear to be a federal interest that would be jeopardized by remanding this action to state court.  Moreover, countervailing interests of comity, federalism, and respecting the choice of a state forum by the original parties to this action, strongly favor remand.  Therefore, the remaining state law claims against non-federal defendants will be remanded back to the state district court.

Accordingly, **IT IS FURTHER ORDERED** that the Court exercises its discretion regarding its supplemental jurisdiction over the non-federal claims and non-federal defendants, and will **REMAND** the remaining claims to the state court.  The Clerk of Court shall remand the case file to Second Judicial District of the State of Idaho in and for the County of Idaho.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**

SO ORDERED.

DATED: **May 19, 2009**



Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**